May 8, 2025

**Madeeha Syed, Esq.**
212.915.5118 (direct)
Madeeha.syed@wilsonelser.com

HON. KATHERINE POLK FAILLA
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
FaillaNYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: *Elijah Grizzard v. Thomas Cortese, et. al.*
Case No.: : 1:24-cv-0555

Our File No. : 14610.00403

Dear Judge Failla,

Our office represents the Defendants, Thomas Cortese and US Foods, in this matter. We write this letter in opposition to the Plaintiff's request for an Order compelling purportedly outstanding discovery responsive to Plaintiff's demands dated April 2, 2025, and for permission to make a motion for protective order or enter into a stipulated protective order.

First, Defendants object to and oppose any legal conclusion regarding how the accident occurred, a number of which Plaintiff has weaved into his letter requesting an order compelling discovery, as this is neither the time nor the forum to discuss these issues. Second, Defendants have done their due diligence to comply with all discovery obligations that can possibly be produced without a protective order, and have properly objected to demands that are improper, not material to this action, and constitute a clear fishing expedition. The mere fact that Plaintiff is unsatisfied with the documents disclosed does not warrant an award of compelling the Defendants to produce discovery Plaintiff is not entitled to.

**Defendants Have Provided All Information That Can be Exchanged Without a Protective Order.**

Defendants have properly responded to all of Plaintiff's demands. ***See Exhibit A.*** Plaintiff demands a copy of the instruction manual for the LYTX camera that was inside the US Foods truck at the time of this accident. First, LYTX is a third-party vendor and a manual from 2023 is equally available to the Plaintiff and as is established by precedence, Defendants should not be compelled to provide evidence that is equally available to the Plaintiff. A reasonable search was

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

312753266v.1

done, and Defendants are not in possession of an instruction manual responsive to Plaintiff's demand.

Plaintiff's demand for "all written communications regarding the subject crash" is unduly burdensome, overly broad, and calls for privileged information. The internal communication among staff and the attorneys employed by US Foods must be protected. Pursuant to the Federal Rules of Civil Procedure, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3).

Plaintiff has not articulated how any internal communication in addition to the two lengthy depositions he has conducted, and the additional witnesses identified in the Defendants' responses, would assist in establishing his claim. Nonetheless, Defendants did conduct a reasonable search into the email that Mr. Cortese testified he sent with the photographs and videos and are not in possession of this email. The contents of the email, however, the photographs and videos from the day of the accident, were already provided to the Plaintiff.

Defendants investigated the existence of training materials that were provided in 2023 and have not been since revised. Currently, Defendants are not in possession of such material that can be verified as having been provided in 2022-2023 and not revised. Furthermore, training materials are irrelevant to Plaintiff's claimed causes of action. Nonetheless, Plaintiff was provided a list of Mr. Cortese's trainings and had the opportunity to question him on those trainings.

With respect to "prior occasions Cortese drove" Route 3270, Plaintiff questioned Mr. Cortese regarding his route at his deposition. The search for "all prior occasions" that Mr. Cortese drove Route 3270 is the very definition of "unduly burdensome." There is no filter in the database to search for routes by a driver's name. Upon information and belief, a search for Plaintiff's demanded information would require US Foods to search the database back in time, day by day, through all driver information, from July 13, 2023, all the way to Mr. Cortese's date of hire. As Plaintiff is well aware, Mr. Cortese was hired by US Foods in February of 2022. Plaintiff has had full and fair opportunity to discuss with Mr. Cortese how familiar he was with this particular route. Plaintiff's given reason for requesting all route information from *prior* to the date of the accident is not only burdensome, but also a clear fishing expedition for any evidence that might assist, not to prove or establish his claim, but to challenge Mr. Cortese's testimony at trial. The burden that a search this hefty carries, especially given the time constraints, far outweighs the Plaintiff's reason for seeking this information that is otherwise irrelevant to his cause of action.

Regarding Plaintiff's numerous demands for training material regarding reportability of the accident to the Department of Transportation are entirely irrelevant to this case and information regarding Department of Transportation regulations is equally available to the Plaintiff. Plaintiff's Counsel had a full opportunity to depose a witness on behalf of US Foods regarding reportability of the subject event. Plaintiff's allegation regarding the witness's credibility is a red herring as to this particular demand. Whether or not the event was reportable depends on a slew of facts that are irrelevant to how the accident occurred and to Plaintiff's claim for damages.

As to the Plaintiff's demand for "TGT" box data, Defendants are not in possession of data that can be extracted directly from the TGT box. The Court cannot compel production of documents the plaintiff represented do not exist, without any evidence to the contrary. *See* Wright v Goord, 2008 US Dist LEXIS 54021, at *2 [WDNY July 15, 2008, No. 04-CV-6003L]. A party's distrust in the production of documents is insufficient to warrant a motion to compel. *See* Westchester Surplus Lines Ins. Co. v Amclaims, 2021 US Dist LEXIS 77148, at *5 [NDNY Apr. 21, 2021, No. 1:20-MC-045 (LEK/DJS)]. Simply stated, an order to compel production will not be entered for documents not shown to exist. *See* Johnson v Miller, 2021 US Dist LEXIS 166712, at *3 [NDNY Sep. 2, 2021, No. 9:20-CV-622 (LEK/ATB)].

**Defendants' Request to File a Cross-Motion for a Protective Order or Stipulate to a Protective Order.**

Defendants respectfully request permission from this Court to file a motion for protective order pursuant to FRCP 26(c) and will seek by cross-motion: (1) the entry of a Protective Order protecting its confidential documents from disclosure if they are compelled to produce same in this matter, and (2) such other and further relief as this Court deems just and proper; or, in the alternative compel the Plaintiff to enter into a stipulation and protective order.

US Foods is a food delivery company that protects its confidential data diligently and to the fullest extent. Allowing Plaintiff unlimited access into its personal databases would set a dangerous precedence in following trucking cases. Plaintiff's demand for access to US Foods's Solera system is invasive and was properly objected to. Defendants properly provided two screen shots from Omnitracs, a driver manifest, and time log related to the day and time of the accident. Plaintiff's demand for *more* unidentified information must be quashed immediately as any further access into Omnitracs would constitute a fishing expedition into information that is not only privileged but also immaterial to this action.

The Omnitracs information provided already shows the stops the US Foods truck made prior to the accident. Additionally, upon further investigation, Omnitracs does not track certain data unless there is a triggering event, thus, at this point Plaintiff is expecting Defendants to provide information that simply does not exists or else he wants invasive access into US Foods's database. Not surprisingly, Plaintiff still has not articulated why access to extraneous internal data is material to his case other than his speculation that Mr. Cortese was speeding at the time of the accident.

US Foods, Inc., remains willing to formally supplement and this exchange upon the entry of a confidentiality agreements and will continue to work in good faith regarding discovery and complying with this Court's Orders.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

By: Madeeha Syed, Esq.

The Court is in receipt of Plaintiff's motion to compel the production of certain documents (Dkt. #16), and Defendants' above response in opposition (Dkt. #17). For the reasons that follow, Plaintiff's motion is GRANTED in part.

To begin, the Court is concerned that Plaintiff filed its initial letter requesting a conference on May 6, 2025, merely two days before the period for fact discovery closed. This is after the Court previously granted a generous extension of discovery deadlines, and cautioned that no further extensions to the discovery deadlines would be granted. (Dkt. #15 (granting a 45-day extension to discovery deadlines)). The various issues presented in Plaintiff's letter should have been resolved or brought to the Court's attention earlier, so that discovery could have proceeded in a timely manner. Unfortunately, the deadline for fact discovery has now passed. Accordingly, the parties are hereby ORDERED to write to the Court on or before **May 13, 2025**, putting forth their proposal for the conclusion of discovery in this matter.

The Court now addresses each of Plaintiff's discovery requests in turn.

**Plaintiff's Demand No. 2:** Application DENIED. The Court accepts defense counsel's representations, as officers of the Court, that Defendants are not in possession of the instruction manual referenced in Demand No. 2.

**Plaintiff's Demand No. 3:** Application GRANTED in part. The Court disagrees with Defendant that Plaintiff should not be permitted to receive written internal communications regarding the accident because Plaintiff has already conducted lengthy depositions. Such materials are bound to be relevant to the allegations in the Complaint. That said, Defendants are only required to produce those documents related to the accident that can be located through a reasonable search and that are not protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

**Plaintiff's Demands Nos. 4, 5, 6:** Application GRANTED. Based on Plaintiff's counsel's representations, the Court understands that Defendants intend to produce these materials. Defendants' letter makes their agreement less clear. For avoidance of doubt, Defendants are ordered to produce any materials within their possession or control that fall within these discovery requests.

**Plaintiff's Demand Nos. 14 and 15:** Application GRANTED. The Court understands that Defendants do not wish to produce these materials because there is no search function in their database and to produce such materials, they would need to search through all driver's information from July 13, 2023, back to the hiring of Mr. Cortese in February of 2022. However, such materials are relevant to this case, as they speak to Mr. Cortese's familiarity with the route in question. "[T]he mere assertion that tracking down information and documents will be more difficult is not enough to show that the burden [imposed on a part] is undue." *Samsung Elecs. Co.* v. *Microchip Tech. Inc.*, 347 F.R.D. 252, 261 (S.D.N.Y. 2024).

**Plaintiff's Demands Nos. 16 and 19:** Application GRANTED. Based on Plaintiff's representations, the Omnitracs software tracks movements and the speed of the truck. As such, data collected from the day of the accident is seemingly relevant to the current action.

If the parties wish to enter a protective order regarding these materials, as Defendants raise in their letter, they are welcome to do so, even though the deadline for filing any confidentiality order has long since passed. (Dkt. #13 (explaining that any confidentiality agreement must be filed within 30 days of the date of the Order)). Defendants have demonstrated good case as to why a protective order may be necessary. *See Gordon* v. *Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause").

**Plaintiff's Demands Nos. 22-33:** Application GRANTED. The Court does not agree with Defendants that training materials regarding the reportability of accidents to the Department of Transportation are "entirely irrelevant" to this action, given the testimony of Mr. Vagianos. Accordingly, Defendants shall produce these training materials.

**Plaintiff's Demand No. 34:** Application GRANTED. If Defendants produced any materials to the Department of Transportation as a result of this accident, Defendants are to produce such materials to Plaintiff. Should no such materials exist, this request is deemed moot.

**Plaintiff's Demand No. 35:** Application GRANTED in part. The Court accepts defense counsel's representation that they are not in possession of data that can be extracted directly from the TGT box. However, Mr. Vagianos' deposition references certain "reports" that are generated from the Omnitracs system. (Dkt. #16-7 (24:6-23)). The Court expects any relevant reports from the day of the accident to be produced to Plaintiff.

The Clerk of Court is directed to terminate the pending motion at docket entry 16.

Dated: May 9, 2025
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE