UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH GRIZZARD,

                Plaintiff,

      -v.-

THOMAS CORTESE, US FOODS
HOLDING CORP., and US FOODS, INC.,

                Defendants.

24 Civ. 5555 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court begins by noting its dismay that the parties have worked together so ineffectively as this case has proceeded through discovery. Before the Court now are three competing motions relevant to discovery procedures on which the parties cannot agree.

    The first motion before the Court is Plaintiff's September 29, 2025 motion for a conference to discuss sanctions against Defendants (Dkt. #28), which Defendants responded to on October 1, 2025 (Dkt. #32). Plaintiff asks the Court for an Order deeming Defendants to have waived their right to conduct or participate in expert depositions. (Dkt. #28). As explained herein Plaintiff's first motion is hereby DENIED.

    Plaintiff bases his request on Defendants' purported misrepresentations to the Court. Specifically, Plaintiff claims that Defendants misguided the Court by indicating that they intended to participate in mediation before the completion of expert discovery. (*See id.*). Plaintiff is correct that the Court granted a previous extension in discovery deadlines due in part to the parties'

joint representation that they intended to participate in private mediation in the near future. (*See* Dkt. #27). Plaintiff now asserts, and Defendants do not contest, that Defendants now will only participate in mediation after expert discovery concludes. (*See* Dkt. #28, 32).

The Court recognizes (and shares) Plaintiff's frustration that Defendants appear to have changed their minds about whether mediation before the close of expert discovery would be productive. The Court will take this conduct into account when considering any extension requests that the parties may make in the future. But it appears that Defendants changed their minds, rather than lied to the Court. (*See* Dkt. #29, 32 (explaining Defendants' view that Plaintiff's requests made it appear that mediation would be futile)). As such, Plaintiff's motion for a conference to discuss sanctions against Defendants is DENIED.

The second motion before the Court is Defendants' September 30, 2025 request for a pre-motion conference related to an anticipated motion to compel discovery (Dkt. #29), which Plaintiff responded to on October 3, 2025 (Dkt. #33). Defendants seek an Order compelling Plaintiff to produce deposition dates for Plaintiff's proposed experts, Dr. Tawfik and Mr. Provder, prior to the current expert discovery deadline of November 7, 2025. (Dkt. #29). Defendants informed the Court, however, that Plaintiff had provided deposition dates for expert depositions after Defendants filed their motion. (*See* Dkt. #32, 33). Given the fact that Plaintiff has provided dates, Defendants' motion is DENIED. But Defendants may renew their motion should Plaintiff further impede the progression of expert discovery in the future.

The third motion before the Court is Plaintiff's October 1, 2025 request for a pre-motion conference seeking an Order vacating a June 2, 2025 confidentiality agreement between the parties (Dkt. #31 (the "Confidentiality Agreement Motion")), which Defendants responded to on October 6, 2025 (Dkt. #35). Defendants appear to think that the Court has already ruled on, and granted, Plaintiff's Confidentiality Agreement Motion. (See Dkt. #35). That is not the case. Together with the Confidentiality Agreement Motion, Plaintiff filed a separate motion to file his Confidentiality Agreement Motion under seal. (Dkt. #30). The Court granted the sealing motion, not the Confidentiality Agreement Motion. (*See* Dkt. #34 (ruling only on the request in docket entry 30 and saying nothing about docket entry 31)). Nevertheless, Plaintiff's request for a pre-motion conference regarding a potential motion to vacate the parties' June 2, 2025 confidentiality agreement is GRANTED.

The parties are hereby ORDERED to appear for a pre-motion conference on **October 16, 2025**, at **12:00 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. In the meantime, the parties shall proceed with expert discovery.

The Clerk of Court is directed to terminate the pending motions at docket entries 28 and 31.

SO ORDERED.

Dated: October 7, 2025
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge