

November 14, 2025

**John P. Kelly, Esq.**
212.915.5848 (direct)
732.859.6597 (mobile)
John.P.Kelly@wilsonelser.com

HON. KATHERINE POLK FAILLA
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
FaillaNYSDChambers@nysd.uscourts.gov



  Re: *Elijah Grizzard v. Thomas Cortese, et. al.*
     Case No.: 1:24-cv-05555-KPF
     Our File No.: 14610.00403

Dear Honorable Judge Katherine Polk Failla:

Our office represents Defendants Thomas Cortese and US Foods, Inc. in the above-referenced matter. Pursuant to Rule 2(C)(ii) of Your Honor's Individual Practice Rules and Local Civil Rule 37.2, Defendants respectfully request a motion conference seeking Your Honor's permission to retroactively modify the deadline for exchange of expert reports pursuant to established case law and Federal Rule of Civil Procedure 16 (b)(4) from August 23, 2025 to November 7, 2025-the same date for the deadline for all expert discovery. This extension will enable Defendants prior service of the second addendum report of Dr. Feurer on November 3, 2025 and the first addendum report of Dr. Ferriter on November 6, 2025 to be considered timely *nunc pro tunc*. No other extensions are being sought by Defendants. This is the fourth request for extension and/or modification of discovery deadlines but second extension of expert report deadlines and the first extension that is not on consent. Prior orders were issued on February 18, 2025, July 21, 2025 and September 8, 2025.

For purposes of judicial economy, Defendants respectfully refers to Plaintiff's letter motion for a conference to strike the addendum reports and Defendants opposition to same. See **ECF 37** and **38**. Defendants also respectfully request that Plaintiff's letter motion and this letter motion be heard together.

Meet and confer sessions have been held on this topic most recently on November 11, 2025. This phone conversation was close to an hour and Defendants also engaged in meet and confer sessions on November 4, 6, and 10. Unfortunately Plaintiff and Defendants were unable to reach consensus.

To the extent Plaintiff would like to depose Dr. Ferriter, Defendants will agree to produce Dr. Ferriter for another deposition on the topic of the addendum with the court's permission. This

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

deposition can occur as early as next week. With Your Honor's permission, Defendants are also willing to accommodate any further concerns of Plaintiff about how they are purportedly prejudiced by these two addendums at the conference.

*Defendants Request for Extension of Expert Discovery is Justified and Plaintiff Suffers No Prejudice*

As outlined in Defendants' separate opposition to Plaintiff's motion to strike expert discovery reports, Defendants did not exchange certain addendum reports prior to the interim report deadline. Nevertheless, the second addendum report of Dr. Feurer and the first addendum report of Dr. Ferriter were disclosed prior to the discovery end date of November 7, 2025. See **ECF 37-1** and **32-7**.

The case law establishes that expert discovery can be re-opened when there is good cause. See *Rubik's Brand Ltd v. Flambeau,, Inc*. Courts consider a number of factors in determining whether good cause exists, including the moving party's explanation for failing to comply with the scheduling order and diligence in seeking a modification to the schedule, the importance and relevance of the expert testimony to the case, whether the party seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and imminence of trial. See *Ruki's Brand Ltd v. Flambeu, Inc*. 329 F.R.D. 55, 2019 U.S. Dist. LEXIS 6672, 102 Fed. R. Serv. 3d (SDNY 2019); *Young v. Southwest Airlines*, 2016 U.S. Dist. Lexis 75950 (EDNY 2016).

The failure to comply with the scheduling order is precisely because the records/films never made their way to the experts. In the case of Dr. Feurer, the emergency room records were not sent to him until October 27, 2025. While the records were emailed by Plaintiff's counsel early in the litigation and Defendants mistakenly thought they were not[1], Defendants never received the medical records from the facility directly until August 6, 2025 and the records from the Lennox Hill/Northwell facility were ultimately what was sent to Dr. Feurer. The records are important as they suggest Plaintiff was taking a prescribed muscle relaxer before his admission to the hospital. The records also suggest that Plaintiff refused a cervical collar despite his testimony showing intense pain. See **ECF 37-4** at 107-137.

In the case of Dr. Ferriter the films were sent to his vendor, Leidos, on three prior occasions on May 8, June 4, and July 11, 2025 to Leidos' address in Pennsylvania. These films were not sent to Defendants by Plaintiff's counsel but instead were obtained via medical authorizations by Defendants. Some of the films including a 2023 cervical spine and knee film were received by Dr. Ferrier but there was miscommunication between Leidos and Dr. Ferriter with respect to other films as they were apparently not uploaded to Dr. Ferriter's portal. Once these mistakes were discovered, Defendants immediately took action and sent the films by overnight mail to a new address in Queens, New York on November 3, 2025 and served addendum reports upon receipt three days later.

---

[1] Defendants corrected this incorrect position within hours.

Accordingly, both these experts also did not receive the material they reviewed (emergency room records for Dr. Feuer and complete medical films for Dr. Ferriter) until after the interim expert report deadline passed.

A trial date is also not imminent and Defendants would be willing with the Court's permission to extend deadlines for dispositive and *Daubert* motions especially since a mediation is scheduled in January 2026.

While Plaintiff is seemingly looking to strike the entire second addendum report[2], it should be noted that Plaintiff's focus is the limited section of the report where Dr. Feuer comments on the medical necessity of surgeries. Plaintiff had ample time to review this addendum report *prior to* the deposition and Plaintiff questioned Dr. Feuer extensively about this addendum and his findings. *See* **ECF 37-Exhibit 11** a copy of Dr. Feuer's transcript.

With respect to Dr. Ferriter, Plaintiff alleges the addendum with respect to the lumbar spine which he claims is contradicted by his testimony rather than Dr. Ferriter's summary of the films. Yet the addendum report can be consistently read in conjunction with Dr. Ferriter's original report which commented on a 2023 MRI film of the cervical spine. Dr. Ferriter opined that a causal relationship was not established and there is evidence of contributing pre-existing condition. Plaintiff cannot be surprised by the review of additional films as Dr. Ferriter's disclosure notes he will testify in rebuttal to any of Plaintiff's treating doctors and experts. See **ECF 37-2**. Further Defendants also informed the court and Plaintiff's counsel that MRI films were sent and needed to be commented on by the expert. See **ECF 37-6**.

We thank the Court for its attention to this matter and apologize for the late disclosure.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

John Kelly, Esq.

cc:
Niamehr Law Firm
30 Wall Street, 8th Floor
New York, NY 10005

---

[2] The first addendum report was included in the original disclosure.

The Court has reviewed Plaintiff's letter motion for a discovery conference (Dkt. #37), Defendants' response (Dkt. #38), and Defendants' above cross-motion for a discovery conference (Dkt. #39). The Court is disappointed that the parties could not work this out among themselves to avoid the need for a conference. That said, both motions for a discovery conference are GRANTED.

The parties shall appear for a telephonic conference to discuss the parties' discovery disputes on **December 1, 2025,** at **11:00 a.m.** At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

Plaintiff may, but need not, respond to Defendants' above cross-motion.

The Clerk of Court is directed to terminate the pending motions at docket entries 37 and 39.

Dated:     November 17, 2025         SO ORDERED.
           New York, New York

                                     *Katherine Polk Failla*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE